IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                             Civil Action No.
                                                        HONORABLE
              Plaintiff,

v.

DOWNRIVER COMMUNITY SERVICES, INC.,      **COMPLAINT
                                          AND JURY TRIAL
                                          DEMAND**

              Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Holly Wiseman ("Wiseman") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14-22 below, the Commission alleges that Defendant Downriver Community Services violated the Americans with Disabilities Act ("ADA") by denying Wiseman a reasonable accommodation, firing her because of her disability (herniated disc), and refusing to rehire her as a breastfeeding peer counselor on the basis of disability.

1

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Downriver Community Services (the "Employer") has continuously been a Michigan corporation doing business in the

State of Michigan and City of New Haven and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Holly Wiseman filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.      On May 21, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

3

9.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.     On June 19, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     On or about March 12, 2012, Defendant hired Wiseman as a part-time breastfeeding peer counselor.

14.     Holly Wiseman is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Wiseman had an impairment and has a record of an impairment, a herniated disc, that substantially limited a major life activity—including the proper functioning of her nervous system, sitting, and her musculoskeletal function. Further, Defendant regarded Wiseman as having a disability by failing to rehire her because of that impairment.

4

15.     Since at least January 14, 2014, Defendant Employer engaged in unlawful employment practices at its New Haven, Michigan, facility in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

16.     On December 17, 2013, Wiseman requested six weeks leave to recover from surgery to repair her herniated disc, which was scheduled for December 31, 2013.

17.     Defendant Employer has a policy of refusing to grant more than two weeks of unpaid leave for employees not covered by the Family and Medical Leave Act, and granted Wiseman leave only through January 14, 2014.

18.     On or about January 10, 2014, Wiseman requested additional leave until January 21, 2014 as a reasonable accommodation following surgery.

19.     The Defendant refused to grant this request and instead terminated Wiseman's employment as a breastfeeding peer counselor on or about January 14, 2014, because of her disability or record of disability.

20.     In its termination letter to Wiseman, Defendant advised Wiseman that she was welcome to reapply for her old position.

21.     The Defendant posted a job opening for Wiseman's breastfeeding peer counselor position on January 15, 2014.

22.     Despite originally telling her in writing she could re-apply for her

former position, the Defendant refused to rehire Wiseman on or before February 10, 2014, as a breastfeeding peer counselor because it regarded her as disabled or due to her record of disability for her herniated disc.

23.     The effect of the practices complained of in paragraphs 14-22 above has been to deprive Wiseman of equal employment opportunities and otherwise affect her status as an employee because of disability (herniated disc).

24.     The unlawful employment practices complained of in paragraphs 14-22 above were intentional.

25.     The unlawful employment practices complained of in paragraphs 14-20 above were done with malice or with reckless indifference to the federally protected rights of Wiseman.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in the practice of refusing to return and/or rehire an individual on the basis of disability.

B.     GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from terminating employees on the basis of disability.

      C.      GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to consider extended leave as a possible reasonable accommodation.

      D.      ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      E.      ORDER Defendant Employer to make whole Wiseman by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Wiseman.

      F.      ORDER Defendant Employer to make whole Wiseman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-22 above, in amounts to be determined at trial.

      G.      ORDER Defendant Employer to make whole Wiseman by providing

7

compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-22 above, including but not limited to, humiliation, emotional pain and suffering, in amounts to be determined at trial.

  H. ORDER Defendant Employer to pay Wiseman punitive damages for its malicious and reckless conduct, as described in paragraphs 14-22 above, in amounts to be determined at trial.

  I. GRANT such further relief as the Court deems necessary and proper in the public interest.

  J. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: August 27, 2015     Respectfully submitted,

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION

                /s/ Laurie A. Young
                Regional Attorney
                Indianapolis District Office

                /s/ Kenneth Bird
                Supervisory Trial Attorney

Detroit Field Office

/s/ Dale Price (P55578)
Senior Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-7808
Dale.Price@eeoc.gov