UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

                        Case No. 4:15-cv-13060
v.                         Hon. Judge Linda V. Parker

DOWNRIVER COMMUNITY SERVICES
INCORPORATED,
a Federally Qualified Health Center,

       Defendant.
_____/

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Downriver Community Services, Inc. (hereinafter "Downriver") to enforce the Americans with Disabilities Act of 1990, 42. U.S.C. §§ 12101-17 ("ADA"). The EEOC alleges that Downriver violated the ADA by refusing to accommodate Holly Wiseman, discharging her, and then failing to rehire her because of her disability in violation of the ADA.

The Commission and Downriver agree that this action should be resolved by entry of this Decree. The parties do not object to the Court's jurisdiction over this action and waive their right to a hearing and the entry of findings of fact and conclusions of law. The Court hereby finds, based on the pleadings

1

and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) implementation of this Decree will advance the purposes and provisions of the ADA; and (3) this Consent Decree resolves all matters and claims in controversy in this lawsuit as provided below.

Therefore, it is ORDERED, ADJUDGED AND DECREED:

1. Downriver and its officers, owners, agents, employees and successors at each Downriver facility shall not discriminate against qualified individuals on the basis of disability in regard to discharge, hiring, and job-application procedures.

2. Downriver and its officers, owners, agents, employees and successors at each Downriver facility shall not discharge an employee because that employee has a disability.

3. Downriver and its officers, owners, agents, employees and successors at each Downriver facility shall reasonable accommodations to the known physical or mental limitations of otherwise qualified individuals with disabilities who are applicants or employees, unless it can demonstrate that such an accommodation would impose an undue hardship on its operations.

4. Downriver and its officers, owners, agents, employees, and successors at each Downriver facility shall not retaliate against any employee because s/he: (i) opposes discriminatory practices made unlawful by the ADA;

(ii) files a charge of discrimination or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

5. Downriver will pay monetary relief to Holly Wiseman in the gross amount of $31,000.00. This amount represents $19,840.27 for back pay and $11,159.73 in non-pecuniary compensatory. Downriver will not deduct from any amount the employer's share of any costs, taxes or social security required by law to be paid by Downriver. Further, Downriver will not withhold any amounts from payments of compensatory damages. This sum shall be made payable to Holly Wiseman and mailed to her directly at her address to be provided to Downriver. Downriver shall provide Holly Wiseman with a 1099 form. Payment shall be made within ten (10) calendar days of this Court's entry of the Consent Decree.

6. Within 5 days after this check has been mailed to Wiseman, Downriver shall mail a copy of the check to Laurie A. Young or her successor, Regional Attorney, c/o Dale Price, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## **CORRECTIVE POLICIES AND PRACTICES**

7.      Downriver shall post the Notice (attached as Attachment A) in the same type, style, and size for the duration of this Decree, in a conspicuous place in each Downriver facility where employee notices are posted, for a three (3) year period from the effective date of this Decree.

8.      Once a year for three (3) years from the effective date of this Decree, Downriver shall train all Company employees, for, at a minimum, including managers, supervisors and human resources personnel at every Downriver facility on disability discrimination, including the ADA's prohibition on retaliation and in accordance with the following:

   A.   The first of three training sessions shall occur within 90 days of the date this Decree is entered, with each subsequent training completed approximately 8 to 10 months thereafter.  Each year, the trainer shall conduct one live training session of no less than two (2) hours, plus adequate time for questions and answers, for, at minimum, managers, supervisors and human resources personnel.  All employees shall register when they attend training, and Downriver shall retain the registry for the duration of this Decree. Within thirty (30) days of the training session, Downriver shall forward a copy of all training attendees to Laurie A. Young or her successor, Regional Attorney, care of Dale Price, Trial

4

Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

      B.    At least 30 days prior to each annual live training, Downriver shall submit to the EEOC the name(s), address(es), telephone number(s) and resume(s) of the proposed trainer(s), to the Commission's Regional Attorney at the address listed above. The Commission may provide reasonable input into the training proposed by Downriver no later than 20 days prior to the training.

9.    Within 30 days of the date of entry of this Decree, Downriver shall develop written policies applicable to all Downriver facilities concerning disability discrimination to conform with the law, and when completed shall submit a copy of these policies to the Commission's Regional Attorney at the address listed above. The written policies must including at a minimum:

      A.    The obligation to provide, to both applicants and employees with disabilities, a reasonable accommodation that complies with the ADA unless it would impose an undue hardship on Downriver.

      B.    The mutual obligation to engage, with both applicants and employees with disabilities, in the interactive process required by the ADA to determine whether a reasonable accommodation is available.

  C. Definitions of disability discrimination including failure to provide reasonable accommodation, along with a statement that such discrimination violates the ADA and will not be tolerated.

  D. A statement advising employees to report to a manager if they believe they have been discriminated against, along with the names and telephone numbers of the individual to whom employees can make such a report, including an alternative person if a designated individual is alleged to be the person engaged in discriminatory conduct.

  E. Assurances that Downriver will investigate these reports promptly and fairly, and will take appropriate corrective action if warranted to make victims whole and to eradicate the disability discrimination, along with a description of the consequences that will be imposed upon violators of the policies.

  F. Assurances of maximum feasible confidentiality for persons who believe that they have been discriminated against.

  G. Assurances of non-retaliation for persons who oppose disability discrimination, who submit a complaint in a good faith honest belief that they have been discriminated against, and for witnesses who participate in any investigation.

   H. A statement that Downriver will not conduct unlawful medical inquiries.

The policies shall be distributed to each current employee at every Downriver facility within 90 days of the date of this Decree and to each new employee when hired.

  10. Downriver shall develop procedures to address complaints of disability discrimination, including complaints about reasonable accommodation, applicable to all Downriver facilities. The procedures must include at a minimum:

   A. Downriver shall designate two managers with the authority to receive complaints of discrimination from employees and to initiate an investigation.

   B. Downriver shall engage in the interactive process with applicants and employees who submit information indicating that a reasonable accommodation may be needed. Downriver shall communicate with such persons and conduct a good-faith exploration of possible accommodations, including identification of the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

      C.    Downriver shall promptly and appropriately investigate all employee complaints of disability discrimination or retaliation, by interviewing all potential victims and witnesses, taking notes, and making a finding about whether the misconduct occurred. Downriver shall take immediate appropriate corrective action and to discipline those who engaged in the misconduct if warranted.

      D.    Notification that a manager's failure to enforce the disability-discrimination policy shall result in discipline.

      E.    Downriver's Human Resources Department will maintain in a separate file complete records of all requests for reasonable accommodation made by applicants and employees, including a record detailing the substance of each request, by and to whom it was made, the context (including date and time), an explanation of the interactive process engaged in, whether a reasonable accommodation was made, and an explanation of the reason an accommodation was or was not made.

These procedures also shall be distributed to each current employee at every Downriver facility within 90 days of the date of this Decree and to each new employee when hired.

## REPORTING BY DOWNRIVER AND ACCESS BY EEOC

11. Downriver shall submit the following in writing and in affidavit form to the Commission's Regional Attorney at the address provided above, beginning 90 days from the date of this Decree, and thereafter upon request once every 12 months for the duration of the Decree:

    A. A copy of the policies and procedures required above (see ¶¶ 9 – 10 above). However, subsequent to the initial 90 days, copies of the policies and procedures will only be submitted if they are revised during the duration of the Decree.

    B. The name, address, position, social security number, and telephone number of every applicant and employee at each Downriver facility who complained about disability discrimination or requested an accommodation during the 12 month period preceding the report to the EEOC.

    C. The nature of each complaint, Downriver's investigatory efforts, corrective action taken against the alleged discrimination, if warranted.

D. For all reasonable accommodation requests, the person making the request, the nature of the request, the accommodation provided, if any, and Downriver's decisionmaker(s).

E. Confirmation that (i) the Notice required above (see ¶ 7) was posted, and the locations where it was posted; and (ii) the policies and procedures required above (see ¶¶ 9 – 10) were distributed to each current and new Company employee.

12. The Commission shall have the right during regular business hours, hereby defined as Monday through Friday 9:00 a.m. – 5:00 p.m. ET, to enter and inspect each Downriver location to ensure compliance with this Decree.

## COST AND DURATION

13. Each party shall bear its costs and attorney's fees incurred as a result of this action.

14. Absent extension, this Decree shall expire by its own terms at the end of three (3) years without further action by the parties.

## PENALTIES FOR NON-COMPLIANCE

15. This Court shall retain jurisdiction over this action for the duration of the Decree. During this time, a party may petition the Court to order compliance with the Decree. Should the Court determine that a party is out of compliance, the Court may impose any just and equitable order as it deems appropriate to

remedy the noncompliance, including extension of the Decree on a per diem basis for the period of time the party was out of compliance.

16. The parties shall engage in a good faith effort to resolve any disputes as to compliance prior to seeking review by the Court and shall be required to provide written notice to each other no less than ten (10) business days to cure its non-compliance before moving for such review.

## **MISCELLANEOUS**

17. If any provision of this Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

18. Any modification to this Decree can only be made by the Court.

19. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Downriver.

20. The Court will retain jurisdiction of this cause for four years for purposes of monitoring compliance with the Decree and entry of such further orders or modifications as may be necessary or appropriate.

21. This Decree constitutes the entire agreement of the parties. Any modifications or amendments to this Agreement must be in a writing signed by both parties and approved by this Court.

| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **DOWNRIVER COMMUNITY SERVICES, INC.** |
|---|---|
| /s/Dale Price | /s/Heather G. Ptasznik |
| DALE PRICE (P55578) | HEATHER G. PTASZNIK (P63344) |
| EEOC Trial Attorney | Kotz Sangster Wysocki, P.C. |
| DETROIT FIELD OFFICE | Attorneys for Defendant |
| 477 Michigan Avenue, Room 865 | 36700 Woodward Ave., Ste. 202 |
| Detroit, Michigan 48226 | Bloomfield Hills, Michigan 48304 |
| (313) 226-7808 | (248) 646-1050 |
| Dale.Price@eeoc.gov | hptasznik@kotzsangster.com |
| mailto:Dale.price@eeoc.gov | |
| Dated: January 6, 2016 | Dated: January 6, 2016 |

**IT IS SO ORDERED**:

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 13, 2016

### APPENDIX A

# EMPLOYEE NOTICE

**Posted pursuant to a CONSENT DECREE entered in <u>E.E.O.C. v. Downriver Community Services, Inc.,</u> Case No. 15-cv-13060 with the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Detroit Field Office**

NOTICE OF NON-DISCRIMINATION POLICY

Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (over 40), genetic information, or disability.

The federal Americans with Disabilities Act prohibits employers from discriminating on the basis of disability in aspects of employment, including, but not limited to, hiring, promotion, discharge, pay, job training and fringe benefits.  That Act also requires employers to provide a reasonable accommodation to employees with disabilities to enable them to do their jobs.

Downriver supports and will comply with such federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace.  An employee may contact the U.S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**

**Equal Employment Opportunity Commission**
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
**Telephone: (313) 226-4600**
**EEOC 800 # 1-800-669-4000**
**TDD (313) 226-7599**